UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JONATHAN GOODWIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:22-cv-01486-AMM |
| | ) |
| **STRICKLAND PAPER** | ) |
| **COMPANY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION ON DEFENDANT STRICKLAND PAPER COMPANY INC.'S MOTION FOR SUMMARY JUDGMENT

This case is before the court on a motion for summary judgment filed by defendant Strickland Paper Company, Inc. Doc. 37. For the reasons explained below, the motion is **GRANTED**.

## I. BACKGROUND

The facts material to Strickland's motion, viewed in the light most favorable to plaintiff Jonathan Goodwin, are as follows:

Mr. Goodwin was terminated from Strickland on May 6, 2021, after about two years of employment. *See* Doc. 39-4 at 3. In June 2021, Mr. Goodwin entered into an agreement with the law firm Edwards & Edwards, LLC, to represent him in an employment discrimination lawsuit against Strickland. Doc. 38 ¶¶ 1, 3. Ms. Nicole Edwards, a partner at the firm, represented Mr. Goodwin. *Id*. ¶ 4. On October 19,

2021, Ms. Edwards filed a charge of discrimination under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), with the Equal Employment Opportunity Commission ("EEOC") on behalf of Mr. Goodwin. Doc. 39-2 at 25–29. On August 1, 2022, Ms. Edwards received an email from Mr. Andre Williams, investigator at the EEOC, which stated:

> Based on the evidence, it is unlikely the EEOC will proceed further with the investigation. If you wish to provide additional evidence which you have not already provided, please submit such evidence no later than Monday, August 8, 2022. . . .
>
> If no response is received, a Determination and Notice of Rights may be issued. The Determination and the Notice of Rights will provide you with the opportunity to pursue your charge further in federal district court. If you decide to pursue the case in federal district court, you must do so within ninety (90) days from the date of receipt of the Determination and Notice of Rights.
>
> Please provide an email address for Jonathan Goodwin.

*Id*. at 29–30. On August 9, 2022, Ms. Edwards received a second email from Mr. Williams following up on the email from August 1, 2022, and requesting Mr. Goodwin's email address. *Id*. at 31. On August 12, 2022, Ms. Edwards received a third email from Mr. Williams requesting Mr. Goodwin's email address as well as his physical address. *Id*. at 32.

Ms. Edwards testified that she did not have Mr. Goodwin's email address, Doc. 39-1 at 40, Dep. 152:8–15, and had already provided his physical address when

2

submitting the Charge of Discrimination in October 2021, Doc. 39-2 at 26. Ms. Edwards did not respond to these three emails. Doc. 39-1 at 15, Dep. 50:9–14, 51:17–19; *id*. at 17, Dep. 61:10–13; *id*. at 18, Dep. 62:11–13, 63:12–16; *id*. at 19, Dep. 66:10–13.

On August 15, 2022, Ms. Edwards received an email from an EEOC "noreply" email address stating that a "new document" was added to Mr. Goodwin's case, which could be viewed through the EEOC public portal. Doc. 39-4 at 17. Soon after, Ms. Edwards attempted to retrieve the document through the portal, but she testified that she was unable to gain access to her cases. Doc. 39-1 at 21, Dep. 77:1–18. This prompted her to email Mr. Williams. *Id*.; *id*. at 22, Dep. 80:14–21. The next morning, on August 16, 2022, Mr. Williams responded to Ms. Edwards's email, informing her that sometimes, when the EEOC does not have the charging party's (in this case, Mr. Goodwin's) email address, "attorneys are unable to see the charge." Doc. 39-5 at 3. Ms. Edwards did not respond to this email, Doc. 39-1 at 22, Dep. 81:4–9, but testified that she continued her unsuccessful attempts to gain access to the public portal multiple times, *id*. at 26, Dep. 95:6–14; Doc. 44 ¶ 31.

On August 23, 2022, at 10:01 p.m., Ms. Edwards received a second email from the EEOC "noreply" email address, stating that the "EEOC has made a decision [in this case]. It is very important that you download and retain a copy of this document. You may review this decision by logging into the EEOC Public Portal."

3

Doc. 39-5 at 11. Ms. Edwards testified that she did not view this email on August 23, 2022, due to its timing. Doc. 39-1 at 39, Dep. 148:14–22; Doc 44 at 15 ¶ 6. Neither did she attempt accessing it through the public portal, Doc. 39-1 at 43, Dep. 164:17–165:7, because one day later, on August 24, 2022, Ms. Edwards received a Determination of Charge and a Notice of Right to Sue letter ("RTS") from the EEOC, Doc. 39-5 at 5, through United States mail, Doc. 38 ¶ 34, in hard copy form, Doc. 44 at 12 ¶ 31. The hard copy RTS showed that it was issued on August 15, 2024. Doc. 39-5 at 5.

The RTS informed Ms. Edwards of the EEOC's decision not to pursue Mr. Goodwin's charge any further and stated, "If you choose to file a lawsuit against the respondent(s) on this charge . . . **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**. Receipt generally occurs on the date that you (or your representative) view this document." *Id*. On November 22, 2022, precisely ninety days after receiving the hard copy RTS letter, Ms. Edwards, on behalf of Mr. Goodwin, commenced this lawsuit against Strickland. Doc. 1.

Strickland moves for summary judgment on the ground that Mr. Goodwin filed his lawsuit too late. Doc. 37. Strickland urges the court to find that Mr. Goodwin received the RTS letter on August 15, 2022, or August 23, 2022, Doc. 38 at 12–13, 16, which would put Mr. Goodwin's lawsuit past the ninety-day filing period, making it untimely.

4

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the party moving for summary judgment establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the moving party has carried its burden, Rule 56 requires that the nonmoving party "go beyond the pleadings" and establish that there is a material fact in genuine dispute. *Celotex*, 477 U.S. at 324–25; *see also* Fed. R. Civ. P. 56(c)(1)(A). A fact is "material" if it could "affect the outcome" of the case. *Furcron v. Mail Ctrs. Plus*, LLC, 843 F.3d 1295, 1303 (11th Cir. 2016) (cleaned up). A material fact is in "genuine" dispute if "a reasonable jury could return a verdict for the nonmoving party." *Id.*

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (cleaned up).

## III.  ANALYSIS

Before filing a complaint of discrimination against an employer under Title I of the ADA, a plaintiff "must exhaust administrative remedies" by "filing a timely charge of discrimination with the" EEOC. *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1339–40 (11th Cir. 2017) (cleaned up). "If the [EEOC] determines after an investigation 'that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the [plaintiff]." *Id*. at 1340 (quoting 42 U.S.C. § 2000e-5(b)). "When the [plaintiff] receives a notice of dismissal from the [EEOC], she has [ninety] days to file a civil action against the employer. *Id.* Ordinarily, the receipt date is established by the plaintiff's, plaintiff's counsel's, or counsel's law office's actual receipt of the notice letter from the EEOC. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 92–93 (1990). When the date of receipt of a mailed notice letter is in dispute, this court generally presumes that a mailing is received three days after its issuance. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984); *see also Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005).

In this case, it is undisputed that Ms. Edwards received the mailed RTS in her mailbox on August 24, 2022. Doc. 38 ¶ 34; Doc. 44 ¶ 31. The issue is whether the email notifications from August 15, 2022, or August 23, 2022, triggered the start of the ninety-day period to file a lawsuit.

The relevance of an emailed RTS to the ninety-day deadline is an issue of first impression. As far as the court is aware, the only courts that have confronted this issue are two district courts in Pennsylvania. *See Paniconi v. Abington Hosp.-Jefferson Health*, 604 F. Supp. 3d 290 (E.D. Pa. 2022); *McNaney v. Sampson & Morris Grp., Inc.*, No. 2:21-cv-1809, 2022 WL 1017388 (W.D. Pa. Apr. 5, 2022).

Nevertheless, Eleventh Circuit precedents provide ample guidance for the court's analysis. The Eleventh Circuit has explained that it does not employ a rigid, universal rule to determine when a complainant has received notice of the RTS, because complainants are responsible for an "orderly and expeditious resolution" of their claims. *Kerr*, 427 F.3d at 952 (cleaned up). The Eleventh Circuit has expressed concern about providing complainants a "manipulable open-ended time extension which could render the statutory minimum meaningless." *Id*. (cleaned up). Courts must analyze the ninety-day limitations period "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility without conditioning a claimant's right to sue on fortuitous circumstances or events beyond [their] control." *Id*. (cleaned up) (quoting *Zilyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999)).

In *Kerr*, the EEOC issued RTS letters that were dated December 31, 2002, but the plaintiffs did not file their complaint until May 15, 2003, well over the ninety-

7

day time limit. *Id.* at 948–49. The plaintiffs asserted that their complaint was timely because they did not receive the letters until February 15, 2003. *Id.* at 949 n.3. The court rejected the plaintiffs' effort to start the ninety-day clock on February 15, 2003, because the plaintiffs (1) had adequate notice that their RTS letters were forthcoming, *see id.* at 953, (2) had actual knowledge that the EEOC had terminated its investigation of their claims, *id.* at 954, (3) did not assume responsibility for their claims and lacked diligence in following up with the EEOC on their RTS letters, *id.* at 953, and (4) unnecessarily delayed filing their lawsuit, *id.* The court discussed each factor in turn. *Id.* at 952–54.

First, the court ruled that "[t]he date of actual receipt is material to the summary judgment analysis only if there was no adequate notice prior to actual receipt." *Id.* at 952. In *Kerr*, the plaintiffs received RTS letters on February 15, 2003. *Id.* at 949 n.3. But they orally requested RTS letters a few days before December 30, 2002. *Id.* at 949. And by early January 2003, the plaintiffs submitted written requests to receive their RTS letters. *Id.* at 949, 953. The court was satisfied that these events provided plaintiffs adequate notice that their RTS letters were forthcoming, making the date of actual receipt immaterial. *See id.* at 953.

Second, the court ruled that "actual knowledge on the part of a complainant that the EEOC has terminated its investigation . . . may be sufficient to cause the time for filing to begin running within a reasonable time after written notice of

8

complainant's [RTS] has been mailed." *Id*. at 954. In *Kerr*, the plaintiffs knew that the EEOC terminated its investigation by early January 2003. *Id*. at 951. Consequently, the court concluded that the ninety-day clock began ticking around that time, notwithstanding that the RTS letters had not then been physically received by the plaintiffs. *See id*. at 953–54.

Third, the court ruled that complainants must assume "some minimum responsibility for an orderly and expeditious resolution of their claims." *Id*. at 952. (cleaned up). This includes following up with the EEOC regarding delays, a step that the *Kerr* plaintiffs did not take. *Id*. at 953. Accordingly, the court concluded that the plaintiffs' failure to receive the letters was "at least in part due to lack of diligence in following up their requests." *Id*.

Fourth, the court ruled that plaintiffs must not delay filing a lawsuit and force timeliness issues unnecessarily. *Id*. When the *Kerr* plaintiffs "received copies of the RTS letters in mid-February, they still had nearly two months during which they could have filed" their lawsuits. *Id*. Had they done so, the timeliness issue could have been avoided. *See id*. The court ruled that the plaintiffs "delayed filing and forced the issue unnecessarily." *Id*. The Eleventh Circuit has reiterated this rule in later cases. *See, e.g.*, *Robbins v. Vonage Bus., Inc.*, 819 F. App'x 863, 869 (11th Cir. 2020) (dismissing suit as untimely and admonishing plaintiff for waiting the full

ninety-day period to file the lawsuit, "despite knowing that the [RTS] had been issued a full month before it was discovered").

The court discusses the four *Kerr* factors in turn.

### A. Adequate Notice

Strickland asserts that the three emails that Ms. Edwards received from Mr. Williams between August 1, 2022, and August 12, 2022, put Ms. Edwards on notice that a RTS was forthcoming. Doc. 38 at 12–13. So, when Ms. Edwards received the EEOC's email on August 15, 2022, notifying her that a "new document" had been issued, Strickland asserts that she had to have known that it was the RTS. *See id.* at 15–16; Doc. 46 at 6–7. Accordingly, Strickland asserts that Ms. Edwards's receipt of the August 15, 2022, email triggered the ninety-day clock, making Mr. Goodwin's lawsuit untimely by eight days. *See* Doc. 38 at 16.

Ms. Edwards asserts that those three emails from Mr. Williams were insufficient notice that the "new document" referenced in the email on August 15, 2022, was the RTS. Doc. 39-1 at 19–20, Dep. 69:1–70:21; Doc. 44 ¶ 23. She argues that a "new document" could be any document. Doc. 44 ¶ 23. Although Mr. Williams's first email mentioned that a RTS "may" be issued, Ms. Edwards contends that this was insufficient to alert her, especially considering that the email on August 15, 2022, did not state that a final decision had been made. Doc. 39-2 at 30; Doc. 39-4 at 17; Doc. 44 at 29–30. Ms. Edwards thus asserts that the email on August 15,

10

2022, could not have triggered the ninety-day clock. *See* Doc. 44 at 29–30. The court does not find that as of August 15, 2022, Ms. Edwards had adequate notice of the issuance of an RTS.

But the email from August 23, 2022, expressly provided Ms. Edwards notice that the RTS had been issued. The email stated that the "EEOC has made a decision regarding [Mr. Goodwin's case]" and that "[i]t is very important that you download and retain a copy of this document." Doc. 39-5 at 11. This issuance could not have surprised Ms. Edwards: Mr. Williams sent multiple emails to her before August 23, 2022, and the August 1st email noted that a RTS "may be issued" if Ms. Edwards did not provide further information about Mr. Goodwin's case. Doc. 39-2 at 29–32.

### B. Actual Knowledge

For the same reasons the August 23, 2022, email provided Ms. Edwards adequate notice that the EEOC terminated its investigation of Mr. Goodwin's claim, it provided her actual knowledge of that fact. To be clear, the court does not find that Ms. Edwards <u>had</u> actual knowledge on August 23, 2022; it finds that when she learned of the EEOC's decision (which she admits occurred on August 24, 2022), she had actual knowledge that the EEOC had made that decision and communicated it to her before then.

### C. Diligence and Responsibility

Strickland asserts broadly that Ms. Edwards did not act responsibly when communicating with the EEOC on behalf of Mr. Goodwin. *See* Doc. 38 at 13–14. Strickland alleges that Ms. Edwards did not adequately respond to Mr. Williams's emails, did not proactively request a copy of the "new document" added to the portal that she was unable to access, and in total, reached out to Mr. Williams with a request for help only once. Doc. 38 at 13–14; Doc. 46 at 7.

Ms. Edwards asserts that she attempted to access the "new document" on the portal multiple times and followed up with Mr. Williams about her lack of success. Doc. 39-1 at 25, Dep. 92:4–9, 14–23, 93:1–12; *id.* at 26, Dep. 95:6–14; Doc. 44 at 12 ¶ 31. Moreover, Ms. Edwards asserts that she was under no legal duty to respond to Mr. Williams's emails. Doc. 39-1 at 24, Dep. 86:4–17, 87:11–17. Each of his emails requested Mr. Goodwin's email address, and Ms. Edwards provided the contact information that she had for Mr. Goodwin, including his home address and phone number, on previous occasions. Doc. 39-2 at 26, 29–32. Consequently, Ms. Edwards claims that under the circumstances, her actions were diligent. Doc. 44 at 31.

Diligence in this case is a closer call than it was in *Kerr*. Ms. Edwards emailed Mr. Williams immediately after she was unable to access the document referenced in the August 15, 2022, email, Doc. 39-5 at 3, and between August 15, 2022, and August 24, 2022, she made multiple attempts to access the public portal, Doc. 39-1

12

at 26, Dep. 95:6–14; Doc. 44 at 12 ¶ 31. Additionally, Ms. Edwards kept the EEOC abreast of the pertinent contact information within her knowledge, including her email address, physical address, and phone number, Doc. 39-2 at 25, as well as Mr. Goodwin's physical address and phone number, *id.* at 26. Presumably, the mailed RTS reached Ms. Edwards on August 24, 2022, as a result of her efforts with the EEOC. But based on Ms. Edwards's conduct after August 24, 2022, the court cannot find that she exercised diligence in putting forth the minimal effort to timely file Mr. Goodwin's lawsuit.

### D. Unnecessary Delay

Strickland asserts that Ms. Edwards unnecessarily delayed filing this lawsuit because she waited the full ninety days from the date she viewed the physical RTS, August 24, 2022, even though the issued date that appeared on the RTS was nine days earlier, August 15, 2022, and she had received an email from the EEOC on August 23, 2022. Doc. 38 at 13–14. Ms. Edwards does not rebut this assertion.

The RTS that Ms. Edwards viewed on August 24, 2022, had an issued date of August 15, 2022. Doc. 12-4 at 2. Ms. Edwards could have filed the lawsuit ninety days from August 15, 2022, which is eighty-one days from August 24, 2022. In other words, as of August 24, 2022, Ms. Edwards could have been <u>sure</u> that she had eighty-one days to file this lawsuit without triggering any timeliness concern. That is significantly longer than the approximately two months that the plaintiffs had in

13

*Kerr*, 427 F.3d at 953, and in *Robbins*, 819 F. App'x at 869. In both of those decisions, the court determined that the delay was unnecessary and dispositive. *Kerr*, 427 F.3d at 953; *Robbins*, 819 F. App'x at 869. Here, as there, the length of Ms. Edwards's intentional delay unnecessarily forced the timeliness issue.

Based on the foregoing, the court (1) declines to hold that the email from August 15, 2022, started Mr. Goodwin's ninety-day clock to file a lawsuit and (2) nevertheless holds that Mr. Goodwin's claim remains untimely because the email from August 23, 2022, is the latest possible moment the clock started.

Ms. Edwards argues that the clock did not start on August 23, 2022, because the email she received from the EEOC that day arrived in her inbox at 10:01 p.m. and she did not check the email until the following morning. Doc. 39-1 at 27, Dep. 101:2–15; Doc. 44 at 15, 29–30. Essentially, Ms. Edwards argues that because she did not see this email on August 23, 2022, it should not be considered as received on August 23, 2022. *See* Doc. 39-1 at 27, Dep. 101:2–15; Doc. 44 at 15, 29–30. In making this argument, Ms. Edwards urges this court to adopt a rule that a document or email would not be considered received until it is actually viewed. Decades of precedent have rejected such a rule.

In *Law v. Hercules, Inc.*, the EEOC sent the RTS to the local post office by certified mail. 713 F.2d 691, 692 (11th Cir. 1983). The plaintiff's seventeen-year-old son picked it up from the post office and placed it on the plaintiff's kitchen table.

*Id*. The plaintiff viewed the RTS "one or two days later." *Id*. He commenced the lawsuit ninety-one days after the son had signed for the RTS. *Id*. The plaintiff urged the court to adopt an "actual receipt rule," contending that his complaint was timely because "he did not receive the notice until 'one or two days' after it was picked up at the post office." *Id*. The court declined because "allow[ing] additional time based on a claim that the letter was not actually received by [the plaintiff] until one or two days later, would be to foster a manipulable open-ended time extension which would render the statutory limitation meaningless." *Id*. at 693 (cleaned up).

Similarly, in *Bell v. Eagle Motor Lines, Inc.*, the RTS was delivered to the plaintiff's residence, and accepted and signed for by his wife on December 18, 1979. 693 F.2d 1086, 1086 (11th Cir. 1982). The plaintiff claimed that he was out of town on that date and did not learn of the RTS until December 26, 1979. *Id*. The plaintiff filed his lawsuit on March 20, 1980, less than ninety days after he first learned of the RTS, but more than ninety days after his wife signed for it. *Id*. The plaintiff argued that the ninety-day period should begin from the date of his actual receipt of the RTS. *Id*. at 1087. Once again, the court disagreed because adopting the plaintiff's argument would allow a "manipulable open-ended time extension" that would relieve plaintiffs from assuming the "minimum responsibility" required "for an orderly and expeditious resolution of [their] disputes." *Id*. (cleaned up).

In this case, the EEOC's August 23, 2022, email provided Ms. Edwards with notice that the EEOC had terminated the investigation of Mr. Goodwin's claim and that a RTS had been issued. That Ms. Edwards first viewed the email at a later date is inconsequential. She could have viewed it a day later, a week later, or a month later. Whenever she viewed it, the email charged her with notice that at the latest, a lawsuit had to be commenced within ninety days of August 23, 2022. Accordingly, the deadline to file a lawsuit was November 21, 2022. Instead, Ms. Edwards filed it on November 22, 2022, ninety-one days from August 23, 2022. Because of this delay (which was unnecessary), Mr. Goodwin's lawsuit is untimely by one day.

To hold otherwise would allow precisely what the Eleventh Circuit has consistently disallowed for decades—"a manipulable open-ended time extension which would render the statutory limitation meaningless," *Law*, 713 F.2d at 693 (cleaned up), and enable plaintiffs to abdicate the "minimum responsibility" they must assume "for an orderly and expeditious resolution" of their dispute, *Kerr*, 427 F.3d at 952 (cleaned up). Documents are often viewed after they are received, and the statutory deadline does not shift to the lawyer's circumstances or convenience. Ninety days is ample cushion to allow the timely preparation and filing of a lawsuit even if a lawyer does not view an RTS the exact day it is received. A "received when viewed" rule would be ripe for the kind of manipulation that circuit precedent has guarded against.

This rule does not obligate parties to check their emails late into the evening or refrain from attending to other responsibilities or going on vacations to monitor email. It merely requires that once a lawyer or party has knowledge that an important communication was transmitted on a particular date, they must perform their duties timely thereafter.

There is no dispute that on August 24, 2022, Ms. Edwards had knowledge that as of August 23, 2022, a final decision had been made and the RTS had been issued. Doc. 12-4 at 2; Doc. 39-5 at 11; Doc. 39-1 at 27, Dep. 101:2–15. This required her to file the lawsuit within ninety days of August 23, 2022. By filing this lawsuit ninety-one days from August 23, 2022, she did not assume the minimum responsibility for an orderly and expeditious resolution of Mr. Goodwin's dispute.

This court's ruling aligns with *Paniconi* as well as another district court in Pennsylvania. *See McNaney v. Sampson & Morris Grp., Inc.*, No. 2:21-cv-1809, 2022 WL 1017388 (W.D. Pa. Apr. 5, 2022). In *McNaney*, the plaintiff's counsel received an email notification from the EEOC on August 20, 2021, stating that the "EEOC has made a decision [in this case]. It is very important that you download and retain a copy of this document. You may review this decision by logging into the EEOC Respondent Portal." *Id*. at *2 (cleaned up). Counsel made no attempts to access the document. *Id*. at *4. On September 15, 2021, the plaintiff received a hard copy of the RTS. *Id*. at *3. The plaintiff then filed a lawsuit more than ninety days

17

after August 20, 2021. *Id*. She argued that the lawsuit was timely because it was filed within ninety days of receiving the hard copy RTS on September 15, 2021. *Id*. The court held that the ninety-day period began on August 20, 2021, when the EEOC emailed counsel to notify him that a decision had been made in the plaintiff's case and provided him access to that decision. *Id*. at *4. The court highlighted from that email the phrase, "[i]t is very important that you download and retain a copy of this document." *Id*. (cleaned up). The relevant email in *McNaney* is identical to the EEOC's email of August 23, 2022, in this case. *Compare* Doc. 39-5 at 11, *with McNaney*, 2022 WL 1017388, at *4.

### E. Equitable Tolling

Ms. Edwards argues that equitable tolling applies in the event that this court finds Mr. Goodwin's lawsuit untimely. Doc. 44 at 30–32. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [their] control and unavoidable even with diligence." *Stamper*, 863 F.3d at 1342 (cleaned up). The movant "bears the burden of proving that equitable tolling . . . is appropriate," *id*., and "must establish that tolling is warranted" because it "is an extraordinary remedy which should be extended only sparingly," *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (cleaned up); *see also Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) (holding that the EEOC's reissuance of a second RTS to correct a technical defect did not

equitably toll the statutory filing period under Title VII or the ADEA, because the complainant had actual knowledge of the first RTS); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1250–51 (5th Cir. 1985) (holding that the mere fact that the employee was out of town when the RTS arrived at his home did not serve to toll the ninety-day period because the employee still had eighty two days remaining following his return home); *Adebiyi v. City of Riverdale*, No. 1:09-cv-0025-RWS-JFK, 2010 WL 11493635, at *8 (N.D. Ga. Aug. 18, 2010) (holding that a slight delay of fifteen days in receiving the RTS did not toll the period because plaintiff still had seventy-nine days to file a timely complaint).

Ms. Edwards argues that equitable tolling applies because she was unable to access Mr. Goodwin's documents on the online portal despite several attempts. Doc. 44 at 30–32. She attributes this issue to a glitch in the EEOC's system, not any fault of her own, and characterizes the issue as an extraordinary circumstance. *See id*. Strickland asserts that the inability to access the portal is not extraordinary, especially considering that Ms. Edwards had eighty-nine days after receiving the hard copy RTS on August 24, 2022, to file the lawsuit. *See* Doc. 38 at 16–18.

Glitch or not, there is no basis for equitable tolling here. Ms. Edwards admits that she had actual notice of the RTS on August 24, 2022, and she makes no argument that eighty-nine days was insufficient.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Goodwin's lawsuit is untimely. Accordingly, Strickland's Motion for Summary Judgment is **GRANTED** and the Clerk of the Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** this 10th day of March, 2025.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE